IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

KEVIN HOLLAND,

    Petitioner,

v.                                             Case No. 5:18-cv-01067

DAVID L. YOUNG,

    Respondent.

**MEMORANDUM OPINION AND ORDER**

Pending is Petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 [Doc. 1]. By Standing Order, this matter was referred to United States Magistrate Judge Dwane L. Tinsley for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). The referral is **WITHDRAWN**.

**I.**

**A.**    **Conviction and Direct Appeal**

On May 31, 2007, Petitioner was adjudicated guilty following his change of plea in the United States District Court for the Eastern District of Virginia. *United States v. Holland*, No. 4:06-cr-00052-HCM-TEM-1, Doc. 5. Pursuant to a written plea agreement, Petitioner pled to one count of conspiracy to possess with intent to distribute cocaine and cocaine base and possession of a firearm in furtherance of a drug trafficking crime. On November 14, 2007, Petitioner was sentenced to 322 months in prison. That total term consisted of a 262-month sentence for the controlled substance offense and a consecutive 60-month sentence on the firearm count. [*Id.* at Doc. 13]. The presiding Judge found that Petitioner qualified as a career offender under the advisory United States Sentencing Guidelines, USSG § 4B1.1 (hereinafter "career offender

enhancement"). The finding was based upon a 1995 Virginia conviction for felony distribution of cocaine and a 1996 North Carolina conviction for possession with intent to sell or deliver marijuana.[1] Petitioner did not object to the imposition of the career offender enhancement at his sentencing hearing. [*Id.* at Doc. 18, Ex. 2 at 6-7].

The Presentence Investigation Report ("PSR") reflected that Petitioner was subject only to a six-to-eight-month custodial term on the North Carolina controlled substance offense. [*Id.* at Doc. 27 at 15]. Nevertheless, controlling precedent at the time of disposition required the presiding Judge to consider the maximum possible sentence for a defendant with the worst possible criminal history rather than the maximum sentence of the defendant. *See United States v. Harp*, 406 F.3d 242, 246 (4th Cir. 2005). Accordingly, at the time of Petitioner's sentencing, his North Carolina offense qualified as a controlled substance predicate under the Career Offender Guideline pursuant to *Harp*.

---

[1] Section 4B1.1(a) provides as follows:

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

United States Sentencing Guidelines Manual § 4B1.1(a) (2007). Section 4B1.2(b) defines "controlled substance offense" as follows:

> [A]n offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

United States Sentencing Guidelines Manual § 4B1.2(b) (2007).

2

B.     **Petitioner's Prior Post-Conviction Filings**

Petitioner did not file a direct appeal. On September 3, 2013, however, he filed a Motion to Vacate, Set Aside or Correct Sentence Under 28 U.S.C. § 2255 in the United States District Court for the Eastern District of Virginia (hereinafter "the sentencing court"). [Case No. 4:06-cr-00052-HCM-TEM-1., at Doc. 14]. He asserted, in part, that his career offender enhancement was inappropriate in light of *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011).

The decision in *Simmons* abrogated *Harp* and like authorities. It held that enhancements of the type applied to Petitioner should be ascertained differently. Specifically, the sentencer following *Simmons* is required to ascertain the maximum sentence that could have been imposed given the defendant's actual aggravation and criminal history. Petitioner contended that inasmuch as he was exposed only to an eight-month maximum sentence, his prior North Carolina drug offense was not a proper predicate. The Court notes *Simmons* was subsequently found to be retroactively applicable in *Miller v. United States*, 735 F.3d 141, 146 (4th Cir. 2013).

On March 18, 2015, the sentencing court denied Petitioner's § 2255 motion as untimely and found no grounds for equitable tolling of the statute of limitations. *United States v. Holland*, No. 4:06-cr-52, 2015 WL 1262626, at *1 (E.D. Va. Mar. 18, 2015). Our Court of Appeals thereafter denied a certificate of appealability and dismissed the appeal. *United States v. Holland*, 615 F. App'x 818 (4th Cir. 2015) (unpublished).

On July 5, 2016, Petitioner filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 ("first § 2241 petition") in this District. [Case No. 1:16-cv-06000, Doc. 1]. He asserted that *Begay v. United States*, 553 U.S. 137 (2008), and *Descamps v. United States*, 570 U.S. 254 (2013), along with *Simmons* and *United States v. Hemingway*, 734 F.3d 323 (2013),

3

disqualifies his prior North Carolina conviction from being used as a career offender predicate.[2] On September 7, 2017, Petitioner was permitted to amend his first § 2241 petition to further support his claim in light of *United States v. Mathis*, 136 S. Ct. 2243 (2016), and *Mellouli v. Lynch*, 575 U.S. 798 (2015).[3]

On January 25, 2018, the first § 2241 petition was dismissed without prejudice for lack of jurisdiction, finding that Petitioner could not satisfy the savings clause contained in 28 U.S.C. § 2255(e), as set forth in *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000). [Case No. 1:16-cv-06000, at Doc. 22]. Petitioner did not appeal.

C.   The Instant § 2241 Petition and Related Briefing

On June 22, 2018, Petitioner renewed the *Simmons* claim in his instant § 2241 petition. He relies upon *United States v. Wheeler*, 886 F.3d 415 (4th Cir. 2018), which expanded use of the § 2255(e) savings clause.

On January 6, 2020, Respondent conceded that Petitioner may be able to satisfy the *Wheeler* criteria and hence seek re-sentencing. Respondent further observed, "[I]t is not entirely clear . . . whether Holland could meet the gatekeeping provisions of § 2255(h)(2) for [a] second or successive motion" and suggests that counsel be appointed to litigate that issue and file the appropriate request for authorization in the Court of Appeals. [Doc. 18 at 6, n.4].

---

[2] The decisions in *Begay*, *Descamps*, and *Hemingway* addressed the appropriate use of a "categorical" versus a "modified categorical" approach to determine predicate status under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e).

[3] The decision in *Mathis* concluded that an Iowa burglary conviction did not categorically qualify as a violent felony under the ACCA inasmuch as an element of the crime was broader than the counterpart generic crime elements used to determine the enumerated offense in the statute. In *Mellouli*, the Court determined that a misdemeanor drug crime under Kansas law did not categorically qualify as a removable offense.

On February 7, 2020, Petitioner filed a Reply [Doc. 21], asserting that *Simmons* and related authorities do not involve a "new rule of constitutional law," and thus do not open the gateway to relief under § 2255(h)(2). Petitioner thus contends he is entitled to relief under the savings clause and the § 2241 mechanism.

## II.

Petitioner challenges the validity of his sentence and not the manner of its execution. The primary remedy for testing the validity of a sentence is 28 U.S.C. § 2255. The remedy must be sought in the sentencing court. In contrast, § 2241 addresses challenges to the execution of a federal sentence. It is not ordinarily deemed an additional, alternative, or supplemental basis for relief to that found in § 2255. The caveat, however, is that § 2241 may be used for such purposes when § 2255 is inadequate or ineffective to test the legality of an inmate's detention. *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000) ("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."). The decision in *Jones* relied upon the statutory language presently found in 28 U.S.C. § 2255(e), otherwise known as the "savings clause":

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

*Id.* A procedural bar under § 2255, however, does not render that statutory remedy inadequate or ineffective for purposes of the savings clause. *In re Jones*, 226 F.3d at 332.

Thus, before considering the merits of Petitioner's § 2241 petition, the Court must first determine whether the remedy under § 2255 is inadequate or ineffective to test the legality of

Petitioner's detention in order that he may pursue such relief under § 2241. Our Court of Appeals had previously established a three-factor analysis to ascertain whether a § 2255 remedy is inadequate or ineffective:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the petitioner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d at 333-34. Recently, however, the test was refined as it relates to sentencing challenges:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018).

The fourth factor now presents an insurmountable obstacle to relief in Petitioner's case. Notwithstanding Respondent's concession of a fundamental defect, our Court of Appeals has held that one sentenced pursuant to an advisory guideline scheme cannot establish that a sentencing error produces a fundamental defect. *See Lester v. Flournoy*, 909 F.3d 708, 715 (4th Cir. 2018).

In *Lester*, our Court of Appeals concluded that a career offender misclassification pre-*Booker* could result in a fundamental defect. *Id.* at 714. Post-*Booker*, however, under the

advisory Guidelines scheme, no fundamental defect arises. *Id.* at 715 ("*Foote*[4] undoubtedly would bar Lester's petition had he been sentenced under the advisory Guidelines."). The Court in *Foote* concluded that "an erroneous advisory Guidelines classification [i]s unlike a violation of a statute or constitutional provision." *Id.* Rather, under the advisory Guidelines, "the district court not only ha[s] discretion to decide whether the Guidelines sentence [i]s justified, but in fact [i]s required to do so." *Id.* The Court of Appeals in *Lester* further noted that "the savings clause should provide only the tightest alleyway to relief. Section 2255 is not 'inadequate or ineffective' just because the prisoner can't successfully challenge his sentence under that provision." *Id.* at 716.

Inasmuch as Petitioner was sentenced under the post-*Booker*, advisory Guidelines, and assuming the Career Offender Guideline was misapplied in his case, the Court is constrained by controlling precedent to conclude he cannot meet the fourth *Wheeler* prong. Petitioner thus fails to satisfy the § 2255(e) savings clause. Moreover, the savings clause cannot be used to circumvent the stringent gatekeeping requirements and procedural bars of § 2255 and will not permit review of Petitioner's claim under § 2241. Petitioner previously filed an unsuccessful and untimely § 2255 motion in his court of conviction.

The Court thus lacks jurisdiction to review Petitioner's § 2241 claim. Furthermore, in light of Petitioner's unsuccessful challenge to his conviction and sentence in a prior § 2255 motion, transfer to the sentencing court under § 2255 would be futile as an unauthorized second or successive motion. It is, accordingly, **ORDERED** that the Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 [**Doc. 1**], and this civil action, are **DISMISSED** for lack of jurisdiction.

---

[4] The decision in *United States v. Foote*, 784 F.3d 931, 932 (4th Cir. 2015), stands for the proposition that a sentencing error claim based upon the misclassification as a career offender under the advisory Guidelines is not cognizable under § 2255. *Id.* at 940, 944.

The Court additionally notes a certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this Court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). The Court concludes that the governing standard is not satisfied in this instance. Accordingly, the Court **DENIES** a certificate of appealability.

The Clerk is directed to mail a copy of this Memorandum Opinion and Order to Petitioner and to transmit a copy to counsel of record.

ENTERED: January 5, 2021

Frank W. Volk
United States District Judge